IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| BROWN MEDICAL CENTER, INC., § | | |
|     Debtor. § | | **CIVIL ACTION NO. 16-0043** |
| § | | |
| ----------------------------------------------- § | | |
| § | | |
| ELIZABETH M. GUFFY, Plan Agent, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | Bankruptcy Adversary No. 15-3228 |
| § | | |
| DICK DEGUERIN, *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

Elizabeth Guffy, the Plan Agent under the confirmed Chapter 11 Plan of Liquidation in the Brown Medical Center, Inc. bankruptcy, filed this adversary proceeding seeking to avoid certain attorney fee and litigation expense payments as fraudulent transfers. The case is now before the Court on the Motions to Dismiss filed by Defendants Certified Appraisers, Inc. ("Certified Appraisers") [Doc. # 17], Catherine Baen [Doc. # 18], Brian Wice [Doc. # 19], Cathy E. Bennett & Associates, Inc. ("Bennett") [Doc. # 20], Dick DeGuerin d/b/a DeGuerin Dickson Hennessy & Ward, f/d/b/a DeGuerin & Dickson ("DeGuerin") [Doc. # 21], Moritz & Associates, Inc. ("Moritz") [Doc. # 22], and Katherine Scardino [Doc. # 24]. Plaintiff filed

Responses [Docs. # 29 (Certified Appraisers), # 25 (Baen), # 27 (Wice), # 28 (Bennett), # 30 (DeGuerin), # 31 (Moritz), and # 24 (Scardino)].  DeGuerin filed a Reply [Doc. # 32].

The Court has reviewed the record and the applicable legal authorities.  Based on this review, the Court concludes that Plaintiff has adequately alleged her fraudulent transfer claims under 11 U.S.C. § 548(a)(1)(B) and under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), TEX. BUS. & COMM. CODE § 24.005 and § 24.006.  Therefore, the Motions to Dismiss are **denied**.

### I.    BACKGROUND

Michael Brown, the owner of 100% of the shares of Debtor Brown Medical Center, Inc. ("BMC"), was represented by attorneys DeGuerin, Baen, Wice and Scardino in connection with criminal cases against him, including prosecutions for assault and for having a marijuana field on his property.  Certified Appraisers provided appraisal services, Bennett provided services as a jury consultant, and Moritz provided investigative services for Brown in connection with these criminal prosecutions.

Plaintiff alleges that BMC transferred funds to Defendants after BMC became insolvent.  Plaintiff alleges that BMC had no independent legal obligation to make the transfers, which were for Brown's sole benefit.

In January 2013, Brown filed a voluntary Chapter 11 bankruptcy petition. On October 15, 2013, Brown's Chapter 11 Trustee filed a voluntary Chapter 11 bankruptcy petition on behalf of BMC. The Bankruptcy Court appointed Plaintiff Elizabeth Guffy as the Chapter 11 Trustee for BMC. On October 1, 2014, the Bankruptcy Court confirmed a plan of liquidation in BMC's bankruptcy case and appointed Guffy as the Plan Agent.

Plaintiff filed this Adversary Proceeding against Defendants, asserting fraudulent transfer claims under 11 U.S.C. § 548(a)(1)(B) and under TUFTA. *See* First Amended Compliant [Doc. # 16]. By Memorandum and Order [Doc. # 15] entered February 3, 2016, this Court withdrew the reference of this Adversary Proceeding and retained the case on its own docket. Defendants filed their Motions to Dismiss, which have been fully briefed and are ripe for decision.

## II.  LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as

opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).[1]

## III. ANALYSIS

### A. Section 548(a)(1)(B) Claims

A bankruptcy trustee may avoid a transfer that was made within two years before the date the bankruptcy petition was filed if the debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation" and either

---

[1] Defendants argue that the Court should apply Rule 9's heightened pleading requirement. Rule 9 requires a plaintiff to plead with particularity any claims with allegations of fraud by the defendant. *See* FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). The fraudulent transfer claims asserted by the Plan Agent in this case do not, however, include allegations of fraud by Defendants. As a result, the Court concludes that the Rule 9 pleading requirements do not apply to fraudulent transfer claims under § 548(a)(1)(B) or under TUFTA § 24.005(a)(2) and § 25.006(a). *See, e.g., Fawaz v. Byers*, 2014 WL 5473272, *5 (S.D. Tex. Nov. 17, 2014); *Taylor v. Cmty. Bankers Sec., LLC*, 2013 WL 3166336, *7 (S.D. Tex. June 20, 2013).

"was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business." 11 U.S.C. § 548(a)(1)(B); *In re Inspirations Imports, Inc.*, 2014 WL 1410243, *2 (N.D. Tex. Apr. 3, 2014) (citing *In re GWI PCS 1 Inc*., 230 F.3d 788, 805 (5th Cir. 2000)).

In this case, Plaintiff asserts a fraudulent transfer claim under § 548(a)(1)(B) against Defendants Baen, DeGuerin, and Scardino. Plaintiff alleges that BMC transferred property to Defendants within two years before the petition was filed on October 15, 2013. Indeed, Plaintiff specifically identifies certain transfers in November and December 2011. *See* First Amended Complaint, ¶ 29, Exh. A. Plaintiff alleges that BMC received less than reasonably equivalent value in exchange for the transfer because the transfers were made for the benefit of Brown personally with no benefit to BMC. *See id.*, ¶¶ 32, 37. Defendants argue that BMC may have received some benefit from the payments it made on behalf of Brown, who owned

100% of BMC's stock.  For purposes of the Motions to Dismiss, however, the facts pleaded in the First Amended Complaint must be taken as true.  *See Harrington*, 563 F.3d at 147.  Plaintiff alleges that, when the transfers were made, BMC was either insolvent or became insolvent as a result of the transfers.  *See id.*, ¶¶ 27-28, 37. Defendants challenge whether BMC was actually insolvent or became insolvent as a result of the transfers but, again, the facts in the First Amended Complaint are presumed to be true for purposes of the Motions to Dismiss.

The allegations in the First Amended Complaint adequately state a fraudulent transfer claim under § 548(a)(1)(B).  The Motions to Dismiss this claim against Baen, DeGuerin, and Scardino are **denied**.

### B. Texas Business & Commerce Code § 24.005 and § 24.006 Claims

Plaintiff asserts a TUFTA claim under § 24.005(a)(2) and § 24.006(a) against Defendants Certified Appraisers, Baen, Wice, Bennett, DeGuerin, Moritz, and Scardino.  Under § 24.005(a)(2), a transfer made by a debtor is fraudulent if made "without receiving a reasonably equivalent value in exchange for the transfer" and the debtor "was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became

due." TEX. BUS. & COMM. CODE § 24.005(a)(2). Additionally, a transfer made by a debtor is fraudulent if made "without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." TEX. BUS. & COMM. CODE § 24.006(a). The Plan Agent, on behalf of BMC's creditors, is authorized to avoid transfers that are fraudulent under § 24.005 and/or 24.006. TEX. BUS. & COMM. CODE § 24.008(a)(1).

Plaintiff seeks to avoid transfers made to Defendants by BMC within four years before the bankruptcy petition was filed on October 15, 2013. Plaintiff alleges that BMC transferred property to Defendants within four years before the petition was filed and, indeed, specifically identifies certain transfers during the four-year period. *See* First Amended Complaint, ¶ 29, Exh. A. Plaintiff alleges that BMC received less than reasonably equivalent value in exchange for the transfer because the transfers were made for the benefit of Brown with no benefit to BMC. *See id.*, ¶¶ 32, 37. Plaintiff alleges that, when the transfers were made, BMC either was engaged in business for which its remaining assets were unreasonably small in relation to that business, or reasonably should have known that it was incurring debts beyond its ability to pay as they became due. *See id.*, ¶ 42. Plaintiff alleges also that, when the transfers were made, BMC was either insolvent or became insolvent as a result of the

transfers. *See id.*, ¶¶ 27-28, 37, 41. Plaintiff alleges that a creditor exists for whom the Plan Agent can act, *see id.*, ¶¶ 41, 42, and she identifies the United States as such a creditor, *see id.*, ¶ 25.

The allegations in Plaintiff's First Amended Complaint adequately state a fraudulent transfer claim under TUFTA § 24.005(a)(2) and § 24.006(a). The Motions to Dismiss this claim are **denied**.

## IV. CONCLUSION AND ORDER

Plaintiff has adequately alleged her fraudulent transfer claims under § 548(a)(1)(B) and under TUFTA § 24.005(a)(2) and § 24.006(a). The Court will, however, require Plaintiff to provide thorough initial disclosures by a deadline to be established at the pretrial conference on March 8, 2016. It is, therefore, hereby

**ORDERED** that the Motions to Dismiss [Docs. # 17, # 18, # 19, # 20, # 21, # 22, and # 24] are **DENIED**.

SIGNED at Houston, Texas, this 2nd of **March, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE