IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BROWN MEDICAL CENTER, INC., | § | Civil Action No. 16-00043 |
| | § | |
| Debtor. | § | |
| _____ | § | |
| ELIZABETH M. GUFFY, | § | |
| PLAN AGENT, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Main Case No. 13-36405 |
| | § | Adversary No. 15-03228 |
| DICK DEGUERIN, DEGUERIN | § | (reference withdrawn 2-3-2016) |
| DICKSON HENNESSY & WARD, | § | |
| DEGUERIN & DICKSON, CATHERINE | § | |
| BAEN, BRIAN WICE, KATHERINE | § | |
| SCARDINO, MORITZ & ASSOCIATES, | § | |
| INC., CATHY E. BENNETT & | § | |
| ASSOCIATES, INC., FCS PHOTOS, | § | |
| CERTIFIED APPRAISERS, INC. and | § | |
| JOHN DOE, | § | |
| | § | |
| Defendants. | § | |

**ANSWER OF DEFENDANT DICK DEGUERIN TO PLAN
AGENT'S FIRST AMENDED COMPLAINT; AND JURY DEMAND**

Defendant Dick DeGuerin d/b/a DeGuerin Dickson Hennessy & Ward, f/d/b/a DeGuerin & Dickson ("DeGuerin" or "Defendant"), hereby answers the Plan Agent's Amended Complaint ("Complaint") as follows:

**ANSWER**

**Parties**

1.  DeGuerin admits the allegations in Paragraph 1 of the Complaint.

2.  DeGuerin admits the allegations in Paragraph 2 of the Complaint.

3.  DeGuerin denies the allegations in Paragraph 3 of the Complaint.

4. DeGuerin denies the allegations in Paragraph 4 of the Complaint.

5. DeGuerin is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore denies such allegations.

6. Paragraph 6 of the Complaint does not require a response. However, in the event that any of the statements in this paragraph are deemed to be allegations in support of relief in favor of Plaintiff, DeGuerin denies such allegations.

7. DeGuerin is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies such allegations.

8. Paragraph 8 of the Complaint does not require a response. However, in the event that any of the statements in this paragraph are deemed to be allegations in support of relief in favor of Plaintiff, DeGuerin denies such allegations.

9. Paragraph 9 of the Complaint does not require a response. However, in the event that any of the statements in this paragraph are deemed to be allegations in support of relief in favor of Plaintiff, DeGuerin denies such allegations.

10. DeGuerin is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies such allegations.

11. DeGuerin is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore denies such allegations.

12. DeGuerin is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies such allegations.

13. DeGuerin is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore denies such allegations.

14. DeGuerin is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore denies such allegations.

15. Paragraph 15 of the Complaint does not require a response. However, in the event that any of the statements in this paragraph are deemed to be allegations in support of relief in favor of Plaintiff, DeGuerin denies such allegations.

## Jurisdiction and Venue

16. The allegations in the first sentence of Paragraph 16 are admitted. The second sentence is a request for relief and does not require a response. DeGuerin denies that the Plan Agent is entitled to the relief which she seeks herein.

17. The allegations in the first sentence of Paragraph 17 are denied. In further response, the relief sought by the Plan Agent touches matters that are both core and non-core. DeGuerin is without sufficient knowledge and/or information to admit or deny the allegations in the second sentence of Paragraph 17 of the Complaint. To the extent a response is required, the allegations in the second sentence of Paragraph 17 are denied. In further response, DeGuerin does not consent to the entry of a final order by the Bankruptcy Court.

18. DeGuerin admits the allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 is a statement describing the relief sought by the Plan Agent and does not require a response. DeGuerin denies that the Plan Agent is entitled to the relief which she seeks herein. DeGuerin further denies that the Plan Agent is entitled to attorneys' fees, costs and interest.

## Statement of Relevant Facts

20. DeGuerin admits that an attorney-client relationship existed with Michael Brown during the period 2011 and 2012. DeGuerin denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint does not require a response. However, to the extent any factual allegations can be construed against DeGuerin from Paragraph 21, they are denied.

22. DeGuerin denies the allegations in Paragraph 22 of the Complaint.

23. The allegations in Paragraph 23 are argumentative and call for a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are argumentative and call for a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 24 are denied.

25. DeGuerin is without sufficient knowledge and/or information to admit or deny the allegations in Paragraph 25 of the Complaint. To the extent a response is required, the allegations in Paragraph 25 are denied.

26. DeGuerin is without sufficient knowledge and/or information to admit or deny the allegations in Paragraph 26 of the Complaint. To the extent a response is required, the allegations in Paragraph 26 are denied.

27. DeGuerin denies the allegations in Paragraph 27 of the Complaint.

28. DeGuerin denies the allegations in Paragraph 28 of the Complaint.

29. DeGuerin admits that he received payments of reasonable and necessary attorneys' fees and expenses relating to his representation of Michael Brown. DeGuerin lacks

sufficient information to admit or deny the source of such payments as alleged in Paragraph 29, and on that basis, denies such allegations. DeGuerin denies the arbitrary date selected by the Plan Agent as the alleged "Insolvency Date." All other allegations contained in Paragraph 29 that can be construed against DeGuerin are denied.

30.  DeGuerin denies the allegations in Paragraph 30 of the Complaint.

31.  Paragraph 31 of the Complaint does not require a response.  However, in the event that any of the statements in this paragraph are deemed to be allegations in support of relief in favor of Plaintiff, DeGuerin denies such allegations.

32. DeGuerin denies the allegations in Paragraph 32 of the Complaint.

## The Bankruptcy Cases

33.  DeGuerin admits the allegations in Paragraph 33 of the Complaint.

34.  DeGuerin admits the allegations in Paragraph 34 of the Complaint.

35.  DeGuerin admits the allegations in Paragraph 35 of the Complaint.

## Claims

36.  DeGuerin restates and incorporates by reference the answers in Paragraphs 1 through 35 as if fully set forth herein.

37.  DeGuerin denies the allegations in Paragraph 37 of the Complaint.  Specifically, DeGuerin denies that DeGuerin received less than reasonably equivalent value for the Two-Year Transfers, or that BMC did not benefit from the services provided by DeGuerin. DeGuerin denies that all value provided was specifically for the benefit of Michael Brown. DeGuerin further denies that BMC had no legal obligation to make the Two-Year Transfers. DeGuerin denies that as of the date of the Two-Year Transfers, the Debtor (a) was insolvent, or became insolvent as a result of the Two-Year Transfers.  DeGuerin further denies Debtor

was engaged or was about to engage in business in which its property after the Two-Year Transfers was unreasonably small capital, and/or that the Debtor intended to incur or believed it would incur debts that it would be unable to repay.

38. DeGuerin denies the allegations in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains a statement of the relief the Plan Agent seeks, and therefore requires no response. However, in the event that any of the statements in this paragraph are deemed to be allegations in support of relief in favor of Plaintiff, DeGuerin denies such allegations. DeGuerin denies that the Plan Agent is entitled to any relief.

40. DeGuerin restates and incorporates by reference the answers in Paragraphs 1 through 39 as if fully set forth herein.

41. DeGuerin denies the allegations in Paragraph 41 of the Complaint. DeGuerin specifically denies the Four-Year Transfers were made without the Debtor receiving reasonably equivalent value in exchange for the Four-Year Transfers. DeGuerin further denies the Debtor was insolvent at the time of the Four-Year Transfers, or the Debtor became insolvent as a result of the Four-Year Transfers. In further response, BMC benefited from the services DeGuerin provided to Dr. Brown. DeGuerin denies that BMC had no legal obligation to make the Four-Year Transfers. DeGuerin denies a creditor exists whose claim arose before the occurrence of the Four-Year Transfers for whom the Plan Agent can act.

42. DeGuerin denies the allegations in Paragraph 42 of the Complaint. DeGuerin specifically denies that the Four-Year Transfers were made for less than reasonably equivalent consideration and the Debtor (i) was engaged in business for which the remaining assets were unreasonably small in relation to the Debtor's business; or (ii) reasonably should have known that the Debtor was incurring debts beyond its ability to repay them. DeGuerin

denies a creditor exists whose claim arose before or within a reasonable time after the occurrence of the Four-Year Transfers for whom the Plan Agent can act.

43. DeGuerin denies the allegations in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains a statement of the relief the Plan Agent seeks, and therefore requires no response. However, in the event that any of the statements in this paragraph are deemed to be allegations in support of relief in favor of Plaintiff, DeGuerin denies such allegations. DeGuerin denies that the Plan Agent is entitled to any relief.

45. DeGuerin denies the allegations in Paragraph 45 of the Complaint.

## Liability of Partners and Partnerships

46. DeGuerin asserts that Paragraph 46 of the Complaint contains legal conclusions to which he is not required to respond. Any allegations contained in Paragraph 46 that can be construed against DeGuerin are denied.

## Attorney's Fees

47. DeGuerin denies that the Plan Agent is entitled to attorneys' fees.

## Pre- and Post-Judgment Interest

48. DeGuerin denies that the Plan Agent is entitled to pre- and post-judgment interest.

## Prayer

49. DeGuerin states that no response is required to the prayer for relief. To the extent a further response is required, DeGuerin denies that the Plan Agent is entitled to any relief whatsoever.

## General Denial

50. DeGuerin generally and specifically denies each and every allegation contained in the Complaint unless and only to the extent specifically admitted.

**Affirmative Defenses**

51. Answering further, DeGuerin avers to the following as defenses to the allegations and claims contained in the Complaint. To the extent necessary, each of the following affirmative defenses is pleaded in the alternative:

   a. DeGuerin asserts all affirmative defenses available under the Texas Business and Commerce Code.

   b. DeGuerin asserts that Plan Agent's fraudulent transfer claims under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because the Debtor received reasonably equivalent value pursuant to 11 U.S.C. § 548(a)(1)(B)(i) and applicable state law.

   c. DeGuerin asserts he is entitled to the protections of 11 U.S.C. § 548(c), as DeGuerin acted in good faith and gave fair value.

   d. DeGuerin asserts that Plan Agent's claims are barred, in whole or in part, by 11 U.S.C. § 550(b)(1). (Plan Agent may not recover...from a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided).

   e. DeGuerin asserts that Plan Agent's claims are barred, in whole or in part, by 11 U.S.C. § 550(b)(2). (Plan Agent may not recover...from any immediate or mediate good faith transferee of such transferee).

   f. DeGuerin asserts the affirmative defenses of laches, waiver, res judicata, and estoppel.

   g. DeGuerin asserts the affirmative defense of limitation to the extent the Plan Agent seeks recovery on allegations that are time barred by statute.

   h. DeGuerin asserts that Plan Agent's fraudulent transfer claims are barred, in whole or in part, because the Debtor was not insolvent at the time of the alleged transfers, or did not become insolvent as a result of the transfers.

   i. DeGuerin asserts that the Plan Agent's has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

   j. DeGuerin asserts that the Plan Agent's claims are barred in whole or in part by the alter ego/reverse corporate veil piercing defense.

k.  DeGuerin asserts that to the extent the Plan Agent's fraudulent transfer claims are allowed, DeGuerin is entitled to a lien on the recovered assets equal to the value given to the Debtor in exchange for the transfers pursuant to 11 U.S.C. § 548(c) and Texas Business and Commerce Code § 24.009(d)(1)(A).

l.  DeGuerin asserts that to the extent the Plan Agent's fraudulent transfer claims are allowed, DeGuerin is entitled to enforcement of the obligation incurred by the Debtor in connection with the transfers to the extent of the value given to the Debtor pursuant to Texas Business and Commerce Code § 24.009(d)(1)(B).

m.  DeGuerin asserts that to the extent the Plan Agent's fraudulent transfer claims are allowed, DeGuerin is entitled to a reduction in the amount of the liability on the judgment on those claims to the extent of the value given to the Debtor pursuant to Texas Business and Commerce Code § 24.009(d)(1)(C).

n.  DeGuerin asserts the affirmative defense of *in pari delicto*.

o.  DeGuerin asserts that the property, the subject of which constituted the alleged transfers, was encumbered by a valid lien and was therefore not an "asset" under the applicable statute.

p.  DeGuerin reserves the right to amend its Answer and Affirmative Defenses to include any and all affirmative defenses that are not currently known to it, but which may be revealed to it during the course of discovery.

## Jury Demand

52.  DeGuerin hereby demands that this case be tried before a jury in the United States District Court.

Wherefore, Defendant DeGuerin requests that Plan Agent take nothing, that he be awarded its costs, expenses and attorneys' fees, and that he be granted such other and further relief for which it may be entitled, at law or in equity.

9

Respectfully submitted,

**LEYH, PAYNE & MALLIA, P. L.L.C.**

By: /s/ Steven A. Leyh
    Steven A. Leyh
    Texas Bar No. 12318300
    9545 Katy Freeway, Suite 200
    Houston, Texas 77024
    (713) 785-0881 (Telephone)
    (713) 784-0338 (Facsimile)

By: /s/ J. Craig Cowgill
    J. Craig Cowgill
    Texas Bar No. 04929000
    1219 Emerald Green Lane
    Houston, Texas 77094-3009
    (713) 956-0254 (Telephone)

**ATTORNEYS FOR DEFENDANT**
**DICK DEGUERIN D/B/A DEGUERIN**
**DICKSON HENNESSY & WARD F/D/B/A**
**DEGUERIN & DICKSON**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this Answer was served electronically upon each of the parties listed on the Court's ECF Service List for this case on April 7, 2016.

/s/ Steven A. Leyh
Steven A. Leyh