IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| BROWN MEDICAL CENTER, INC., | § | |
|     Debtor. | § | **CIVIL ACTION NO. 16-0043** |
| | § | |
| ----------------------------------------------- | § | |
| | § | |
| ELIZABETH M. GUFFY, Plan Agent, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Bankruptcy Adversary No. 15-3228 |
| | § | |
| DICK DEGUERIN, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

The deadline for Defendants in this case to designate experts on the issue of solvency was July 29, 2016. On October 24, 2016, almost three months after the deadline expired, Defendant Dick DeGuerin filed an Opposed Motion for Continuance ("Motion") [Doc. # 61], seeking an extension of the deadline. Plaintiff Elizabeth Guffy, Plan Agent, filed an Opposition [Doc. # 62]. DeGuerin neither filed a reply nor requested an extension of the reply deadline. Having reviewed the record and the applicable legal authorities, the Court **denies** the Motion.

Where, as here, a scheduling order has been entered establishing a deadline for expert designations, Federal Rule of Civil Procedure 16(b)(4) provides the standard

for requests to extend that deadline after it has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Fin. Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). To determine whether the moving party has established good cause, the Court considers the following four factors:

> (1) the explanation for the failure to meet the deadline;
> (2) the importance of the expert designation;
> (3) potential prejudice in allowing the late designation; and
> (4) the availability of a continuance to cure such prejudice.

*Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

In the Motion, Defendant states that he has newly-retained counsel, and that his prior counsel failed to comply with the July 29, 2016 deadline. There is no explanation offered for prior counsel's failure to meet the deadline. Defendant states summarily that the "issue of insolvency is a critical issue in this case" and that

Plaintiff will suffer no prejudice if the belated designation is allowed. *See* Motion, p. 2.

Plaintiff in her Opposition notes that Defendant has failed to show that he could not meet the July 29, 2016, deadline for solvency experts notwithstanding having exercised diligence. Plaintiff notes also that Defendant has not offered any explanation for prior counsel's failure to meet the July 29, 2016, deadline.

Plaintiff suggests that the designation of an expert on the solvency issue is not important for a number of reasons. It is the Plan Agent's burden to prove insolvency. Indeed, none of the other Defendants in this case submitted expert reports on the solvency issue. Additionally, the record indicates that DeGuerin admitted to the court during Michael Brown's divorce proceeding that Brown Medical Center, Inc. ("BMC") was, and had been since October 1, 2010, unable to pay its debts. As a result, it is unclear from the record, and Defendant makes no effort to explain, why a solvency expert is important in this case.

Plaintiff argues that she will suffer prejudice if the belated designation is allowed because she previously agreed to an extension of another deadline in the case based on DeGuerin's express agreement not to seek an extension of the deadline for designation of a solvency expert. Based on that agreement, DeGuerin filed an unopposed motion for an extension of the "deadline for serving his expert disclosures

(other than on the issue of solvency)." *See* Unopposed Motion for Continuance [Doc. # 59], p. 2. The Court granted the Unopposed Motion for Continuance and extended to November 18, 2016, "DeGuerin's deadline for serving his expert disclosures (other than on the issue of solvency). . .." *See* Order [Doc. # 60].

Plaintiff notes that the prejudice from DeGuerin having obtained Plaintiff's agreement to extending the non-solvency expert deadline cannot be cured by an extension of the remaining deadlines in the case. Plaintiff argues also that any extension will prejudice BMC's creditors by further delaying payment of their claims.

Based on the foregoing, the Court finds that DeGuerin has failed to show that he exercised diligence and yet was unable to meet the July 29, 2016, deadline for designation of solvency experts. The Court finds also that DeGuerin has failed to demonstrate good cause for the requested extension of the solvency expert deadline as required by Rule 16 of the Federal Rules of Civil Procedure. Accordingly, it is hereby

**ORDERED** that the Opposed Motion for Continuance [Doc. # 61] is **DENIED**.

SIGNED at Houston, Texas, this **22nd** day of **November, 2016**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE