IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> BROWN MEDICAL CENTER, INC., § <br> Debtor. § <br> § <br> ---------------------------------------------- § <br> § <br> ELIZABETH M. GUFFY, Plan Agent, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DICK DEGUERIN, *et al.*, § <br> Defendants. § | CIVIL ACTION NO. 16-0043 <br><br><br><br><br> Bankruptcy Adversary No. 15-3228 |

## MEMORANDUM AND ORDER

Elizabeth Guffy, the Plan Agent ("Plan Agent") under the confirmed Chapter 11 Plan of Liquidation in the Brown Medical Center, Inc. bankruptcy, filed this adversary proceeding seeking to avoid certain attorney's fee and litigation expense payments as fraudulent transfers. The case is now before the Court on the "Motion for Final Judgment on Extinguished Claim, Alternatively for Full Settlement Credit" [Doc. # 141] and the "Motion to Reconsider Motion for Summary Judgment Due to Settlement by Defendant Dick DeGuerin" [Doc. # 142] filed by Defendants Brian Wice and Cathy E. Bennett & Associates, Inc. ("Bennett"), to which the Plan Agent filed Responses [Docs. # 150 and # 151]. Wice and Bennett neither filed a reply nor

requested additional time to do so. Having reviewed the record and the applicable legal authorities, the Court **denies** both pending motions.

## I.     BACKGROUND

Michael Brown, the owner of 100% of the shares of Debtor Brown Medical Center, Inc. ("BMC"), was represented by several attorneys, including DeGuerin and Wice, in connection with criminal cases against him. DeGuerin retained Bennett to provide services as a jury consultant in connection with the criminal prosecutions.

Plaintiff alleges that BMC transferred funds to Defendants after BMC became insolvent. Specifically, Plaintiff alleges that BMC transferred $1,875,869.00 to DeGuerin during 2011. Plaintiff alleges that DeGuerin transferred $49,500.00 to Wice in September 2011, and made two transfers to Bennett totalling $69,408.78 – $40,000.00 in July 2011 and $29,408.78 in October 2011. DeGuerin also transferred $530,671.43 to himself.

In January 2013, Brown filed a voluntary Chapter 11 bankruptcy petition. On October 15, 2013, Brown's Chapter 11 Trustee filed a voluntary Chapter 11 bankruptcy petition on behalf of BMC. The Bankruptcy Court appointed Plaintiff Elizabeth Guffy as the Chapter 11 Trustee for BMC. On October 1, 2014, the Bankruptcy Court confirmed a plan of liquidation in BMC's bankruptcy case and appointed Guffy as the Plan Agent.

Plaintiff filed this Adversary Proceeding against DeGuerin, Bennett, Wice, and other Defendants, asserting fraudulent transfer claims under 11 U.S.C. § 548(a)(1)(B) and under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). *See* First Amended Complaint [Doc. # 16]. By Memorandum and Order [Doc. # 15] entered February 3, 2016, this Court withdrew the reference of this Adversary Proceeding and retained the case on its own docket.

By Memorandum and Order [Doc. # 140] entered July 3, 2017, the Court denied pending motions for summary judgment, including those filed by Wice and Bennett. The Plan Agent later settled with DeGuerin for $500,000. Thereafter, Wice and Bennett filed the pending motions, which are ripe for decision.

## II.  ANALYSIS

In their Motions for Summary Judgment, Bennett and Wice argued that they were entitled to summary judgment because they were subsequent transferees of the BMC funds and qualified as good faith transferees who took for value. Although Bennett and Wice were correct that the Plan Agent cannot recover from a subsequent transferee who received the transfer in good faith and for value, the Court found that there were genuine issues of material fact regarding whether the funds from BMC to DeGuerin, which were placed in DeGuerin's IOLTA Trust Account, were within DeGuerin's dominion and control or remained the property of BMC. The Court found

that if the funds remained BMC's property and were not "transferred" to DeGuerin, then Bennett and Wice might not qualify as subsequent transferees but would, instead, be initial transferees. Because their status as subsequent transferees entitled to assert a good faith defense was in dispute, the Court denied their motions for summary judgment.

Wice and Bennett have now filed a Motion to Reconsider and a Motion for Final Judgment. Each of the pending motions is based on the argument that DeGuerin's settlement with the Plan Agent (1) establishes that he was the initial transferee of the BMC funds and, therefore, Wice and Bennett are subsequent transferees as a matter of law and (2) extinguishes the Plan Agent's claim. The uncontroverted record demonstrates that DeGuerin settled for $500,000.00, an amount less than the $530,671.43 DeGuerin withdrew from the IOLTA account and as to which his initial transferee status was not in dispute. As a result, the DeGuerin settlement does not affect the existence of a genuine issue of material fact regarding whether Wice and Bennett were initial or subsequent transferees of the BMC funds. Moreover, the Plan Agent in this lawsuit is seeking to recover allegedly fraudulent transfers of approximately $1.8 million. The settlement of the Plan Agent's claims against one Defendant for $500,000.00 does not extinguish the entire claim.

### A.     <u>Motion to Reconsider</u>

Wice and Bennett seek reconsideration of the Court's summary judgment ruling. Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788, at *6 (5th Cir. 2009) (quoting *Templet*, 367 F.3d at 479). Instead, reconsideration under the Federal Rules serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

Wice and Bennett argue that judicial estoppel precludes the Plan Agent from arguing that DeGuerin was not the initial transferee of the BMC funds. Therefore, according to Wice and Bennett, because initial transferee DeGuerin is no longer in the lawsuit, there is no longer a fact dispute that they are subsequent transferees. "Judicial estoppel is an equitable doctrine that 'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some

earlier proceeding.'" *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347 (5th Cir. 2008) (quoting *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003)).

The Plan Agent has argued in this case that DeGuerin was an initial transferee. She has also, however, asserted alternatively that "should it be shown that Dick DeGuerin was not the initial transferee, any person or entity that received funds from Brown Medical Center, Inc. via the funds transferred to Dick DeGuerin would be the initial transferee." *See* Motion to Reconsider [Doc. # 142], p. 5 (quoting Plan Agent's Answer to Interrogatory No. 7). Similarly, the Plan Agent pled that Defendants were "the initial transferee, the beneficiary and/or the immediate or mediate transferee" of the transfers at issue. *See* First Amended Complaint [Doc. # 16], ¶ 31; *see also id.*, ¶ 44. As a result, Wice and Bennett have not demonstrated that the Plan Agent is judicially estopped to argue that they are initial transferees of the BMC funds. The Motion to Reconsider is denied.

### B. Motion for Final Judgment

Wice and Bennett seek entry of final judgment in their favor based on the argument that the Plan Agent's claim has been satisfied. Wice and Bennett cite no legal authority to support their argument that the claim is extinguished and they are entitled to final judgment in their favor, and this Court is aware of none.

As to their request for a full credit for the amount DeGuerin paid to settle the claims against him, Wice and Bennett's reliance on the "one satisfaction rule" under Texas law is misplaced. The rule "emerges in Texas Supreme Court jurisprudence as a tort law contribution doctrine, and its application has generally been limited to cases in which a plaintiff settles with an alleged joint tortfeasor." *GE Capital Commercial, Inc. v. Worthington Nat'l Bank*, 754 F.3d 297, 307 (5th Cir. 2014). As a result, the doctrine is not applicable to require a settlement credit in this TUFTA action in which there is no allegation that DeGuerin, Wice and Bennett were joint tortfeasors. *See id.* Accordingly, Wice and Bennett are not entitled to have DeGuerin's payment of $500,000 applied to satisfy the Plan Agent's claims against them.

### III.   **CONCLUSION AND ORDER**

There remain genuine issues of material fact regarding whether Wice and Bennett were initial transferees of the BMC funds or were subsequent transferees entitled to assert a good faith defense. The Plan Agent is not judicially estopped to argue that Wice and Bennett are initial transferees, having asserted their initial transferee status as an alternative position throughout this litigation. The Plan Agent's settlement with DeGuerin does not extinguish or otherwise affect the Plan Agent's claims against Wice and Bennett. It is, therefore, hereby

**ORDERED** that the Motion for Final Judgment on Extinguished Claim, Alternatively for Full Settlement Credit [Doc. # 141] and Motion to Reconsider Motion for Summary Judgment Due to Settlement by Defendant DeGuerin [Doc. # 142] are **DENIED**. The case remains scheduled for docket call on November 13, 2017.

SIGNED at Houston, Texas, this **15th** day of **September, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE